by Mrs. Rudolph, and he gave evidence on the trial in great detail as to his interviews with Farnsworth relating to the preparation of the deed and will. The theory of the plaintiff was that Farnsworth's mind became so weak the last weeks and days of his life that he was not competent to understand the deed and will he made, and that in this condition he was at least unduly influenced to make them.

I do, not intend to go over the evidence or discuss the facts appearing in the record. The referee patiently listened to the evidence and saw the witnesses, and I assume the Rudolphs also. He has written a lengthy report, referring to more or less of the evidence, and has come to the conclusion that the deed should be set aside, because, as he states:

"I am forced to the conclusion that, at the time of the execution of this deed in question, the mental faculties of the grantor were such that he was absolutely and completely unable to comprehend the nature of the transaction, and did not have sufficient capacity to comprehend and collect in his mind the particulars or elements of the business to be transacted, and to hold them in his mind sufficient length of time to perceive at least their obvious relation to each other and to them."

It is evident that there was testimony to support this finding and conclusion. The evidence was conflicting, and the referee could have found support therein if he had arrived at a contrary conclusion. He had a better opportunity than the court on appeal has to ascertain the truth.

The appeal is purely on the facts. No questions of law are raised. We should not reverse on the facts. If referees are to be appointed to hear, try, and determine such cases as this, we should let them perform their duty, and not interfere and set aside their decisions, where the evidence is so conflicting as it is here.

---

### BARRINGER v. BOARD OF EDUCATION.

(Supreme Court, Appellate Division, First Department. October 28, 1910.)

SCHOOLS AND SCHOOL DISTRICTS (§ 141*)—TRANSFER OF TEACHERS—"TEACHER."
     Greater New York Charter (Laws 1901, c. 466) § 1090, provides that principals, teachers, and all other members of the teaching staff shall be appointed by the board of education, on the nomination of the board of superintendents, and that such nomination shall be made, except in case of high schools, or training schools for teachers, for the several local school board districts, and the principals, teachers, etc., shall be assigned to duty to such schools as the board shall determine, but, when practicable, teachers shall be appointed for districts in the boroughs where they reside, and that teachers and principals may be transferred from one school to another by the board, provided that a teacher shall not be transferred from a school in one borough to a school in another without his consent; and it further provides that, for all purposes affecting the transfer of teachers, the principal of the school to which it is proposed to transfer a teacher shall have a seat in the board of superintendents. Section 1091, for other purposes, refers to teachers and principals as "such teacher," indicating that the word "teacher" included both classes. *Held*, that a principal could be

---

*For other cases see same topic & § NUMBER in Dec. & Am, Digs. 1907 to date, & Rep'r Indexes

transferred to a school in another borough without his consent; the word "teacher," as used in section 1090, not including a principal.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 301-304; Dec. Dig. § 141.*

For other definitions, see Words and Phrases, vol. 8, p. 6892; vol. 8, p. 7813.]

Appeal from Special Term, New York County.

In the matter of the application of Theodore B. Barringer for a writ of mandamus against the Board of Education. Writ denied, and relator appeals. Affirmed.

The following opinion was filed by Mr. Justice Bischoff in the court below:

The relator, a principal assigned to public school No. 39, in the borough of Manhattan, challenges his transfer by the respondent board of education to a public school in another borough without his consent, and the question presented is whether a principal is a "teacher" within the meaning of section 1090 of the charter. This section provides: "Principals, branch principals, heads of departments, teachers, assistants and all other members of the teaching staff, shall be appointed by the board of education on the nomination of the board of superintendents. Such nominations and appointments shall be made except in the case of high schools or training schools for teachers, for the several local school board districts respectively, and when so made the principals, branch principals, heads of departments, teachers, assistants and all other members of the teaching staff shall be assigned to duty to such schools and to such positions in such schools as the board of superintendents shall determine. Where practicable, teachers shall be appointed for districts in the boroughs where they reside. Teachers and principals may be promoted or transferred from one school to any other school within the city by the board of superintendents, subject to the approval of the board of education: Provided, however, that a teacher shall not be transferred from a school in one borough to a school in another borough within his or her consent." Laws 1901, c. 466.

As I read this provision, particularly the last sentence, a clear distinction is made between principals and teachers with respect to transfers. "Teachers and principals" may be transferred, "provided that a teacher shall not be transferred * * * without his or her consent." The association of words importing the distinction is too close to justify the interpretation, sought by the relator, that the term "teacher" was used generically to include principal. Elsewhere, in section 1091, the teachers and principals are referred to, for other purposes, as "such teacher," the context indicating that the word "teacher" was employed to cover both classes; but in the particular provision now considered in plain phrasing of the law excludes principals from the benefit of choice given to teachers in the matter of the place where services are to be rendered. Any doubt upon the subject would seem to be resolved by the further provision of section 1090, that "for all purposes affecting * * * the transfer of the teachers to any school" the principal of the school to which it is proposed to transfer a teacher shall have a seat in the board of superintendents. The word "teacher," as thus used, illustrates the actual distinction intended between teachers and principals with respect to their assignment to other schools.

Motion for writ of mandamus denied.

Arnon L. Squiers, for appellant.

T. Connoly and Archibald R. Watson, Corp. Counsel, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Bischoff, J., in the court below. Order filed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes